**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Stacia Miller, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

3c Care Systems LLC and Midwest Spine & Brain Institute, LLC,

Defendants.

Case No. 26-cv-3681 (LMP/DJF)

---

Elizabeth Williams, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

3c Care Systems LLC and Midwest Spine & Brain Institute, LLC,

Defendants.

Case No. 26-cv-3730 (LMP/DJF)

---

Sammie Austin, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

3c Care Systems LLC and Midwest Spine & Brain Institute, LLC,

Defendants.

Case No. 26-cv-3739 (LMP/DJF)

---

Gerald Jensen, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

3c Care Systems LLC and Midwest Spine & Brain Institute, LLC,

Defendants.

Case No. 26-cv-3762 (LMP/DJF)

---

Terri Fink, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

3c Care Systems LLC and Midwest Spine & Brain Institute, LLC,

Defendants.

Case No. 26-cv-3767 (LMP/DJF)

---

Doug Voss, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

3c Care Systems LLC and Midwest Spine & Brain Institute, LLC,

Defendants.

Case No. 26-cv-3768 (LMP/DJF)

---

**ORDER OF CONSOLIDATION**

Before the Court is Plaintiffs' Motion to Consolidate Related Actions and Appoint Interim Class Counsel ("Motion") (ECF No. 8). Plaintiffs docketed the Motion in *Miller v. 3c Care*

*Systems LLC and Midwest Spine & Brain Institute, LLC*, 26-cv-3681 (LMP/DJF), seeking to join this action with: *Williams v. 3c Care Systems LLC and Midwest Spine & Brain Institute, LLC*, 26-cv-3730 (LMP/DJF); *Austin v. 3c Care Systems LLC and Midwest Spine & Brain Institute, LLC*, 26-cv-3739 (LMP/DJF); *Jensen v. 3c Care Systems LLC and Midwest Spine & Brain Institute, LLC*, 26-cv-3762 (LMP/DJF); *Fink v. 3c Care Systems LLC and Midwest Spine & Brain Institute, LLC*, 26-cv-3767 (LMP/DJF); and *Voss v. 3c Care Systems LLC and Midwest Spine & Brain Institute, LLC*, 26-cv-3768 (LMP/DJF), pursuant to Federal Rule of Civil Procedure 42(a).

Having reviewed Plaintiffs' Complaints, the Court agrees Plaintiffs' actions involve "common questions of law and fact[,]" Fed. R. Civ. P. 42(a), and that consolidation would "promote judicial efficiency as well as preventing unnecessary duplication of efforts and expense by the parties." *Adedipe v. U.S. Bank, Nat. Ass'n*, 13-cv-2687 (JNE/JJK), 2014 WL 835174, at *2 (D. Minn. March 4, 2014), *report and recommendation adopted*, 2014 WL 835174, at *1 (D. Minn. March 4, 2014). The Court therefore **GRANTS** the Motion and **ORDERS** as follows:

1. The above-captioned matters, and any subsequently filed actions arising from substantially the same subject matter, shall be consolidated under Case No. 26-cv-3681, with all subsequent filings to be made under the new caption: "*In re 3c Care & Midwest Spine Data Breach Litigation*" (the "Consolidated Action");

2. The Court sets the following briefing schedule for the Consolidated Action:

   a) Plaintiffs shall file a Consolidated Class Action Complaint by **October 15, 2026**;

   b) Defendant shall file an Answer or Motion to Dismiss by **November 30, 2026**;

c) If Defendant files a motion to dismiss, Plaintiffs shall have until **January 14, 2027** to respond in opposition thereto, and Defendant shall have until **February 4, 2027** to file a reply in support of its motion to dismiss;

3. Should future complaints be filed that meet the requirements for consolidation under Rule 42(a), they will be consolidated with the Consolidated Action.

4. Raina C. Borrelli is appointed as Interim Lead Class Counsel to act on behalf of Plaintiffs and the putative class with the responsibilities set forth below:

a) Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the putative Class on all matters arising during pretrial proceedings;

b) Coordinate the initiation and conduct of discovery on behalf of the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court;

c) Convene meetings amongst counsel;

d) Conduct settlement negotiations on behalf of the putative class;

e) Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

f) Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g) Monitor the activities of all counsel to ensure schedules and litigation deadlines are met and unnecessary expenditures of time and funds are avoided;

h) Ensure that all counsel comport with the billing and expense protocol being used by the leadership team;

i) Perform such other duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of this Court;

j) Serve as the primary contact for communications between the Court and other counsel;

k) Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on counsel via the Court's electronic filing system);

l) Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

m) Allocate and apportion any court awarded attorneys' fees, costs, and expenses among other plaintiffs' counsel (if applicable); and

n) Perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative class.

**IT IS FURTHER ORDERED** that all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Lead Class Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the rules of this Court.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or remanded to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: August 31, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge